IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Salvatore S. Fiumefreddo, (R69185), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 21 C 219 |
| v. ) | |
| ) | Hon. Robert W. Gettleman |
| ) | |
| Dr. Deanna Brookhart, Warden, ) | |
| Lawrence Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Salvatore S. Fiumefreddo, a prisoner at the Lawrence Correctional Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2019 aggravated arson conviction from the Thirteenth Judicial Circuit Court, LaSalle County, Illinois. Pending before the Court is Respondent's motion to dismiss the case as untimely. (Dkt. 10.) For the reasons set forth below, the Court grants the motion to dismiss, and declines to issue a certificate of appealability.

Petitioner pled guilty to one count of aggravated arson and was sentenced to six years of imprisonment followed by three years of mandatory supervised release (MSR). (Dkt. 1, pg. 8; Dkt. 10-1, pgs. 11-12.) Illinois law requires Petitioner to serve at least 85% of his sentence before being eligible for placement onto MSR. *Id*. at pg. 6; *see also* 730 ILCS 5/3-6-3(a)(2.5). The factual basis of the guilty plea established that Petitioner set a fire to a closet in a home in Peru, Illinois. *Id*. at 9. A firefighter injured his hand while responding to the fire requiring several stitches for the injury. *Id*.

The instant habeas corpus petition alleges that Petitioner entered into a plea agreement that stipulated that he would receive a six-year sentence but with the ability to earn "day for day" credit.

"Day for day" credit allows an Illinois prisoner to earn one day of credit against his sentence for every day of good behavior in prison. A well behaving prisoner can serve as little as half his sentence. Petitioner argues that the Illinois Department of Corrections made a unilateral alteration of his plea agreement by requiring him to serve at least 85% of his sentence instead of applying "day for day" credit.

Respondent moves to dismiss the habeas corpus petition as untimely. (Dkt. 10.) Petitioner did not initially respond to the motion to dismiss. (Dkt. 11.) A review of the Illinois Department of Corrections' inmate location website and Respondent's proof of service showed that a copy of the motion to dismiss had been mailed to Petitioner at his former prison. *Id*. The Court reset the briefing schedule and ordered that a copy of the motion to dismiss be mailed to Petitioner at his current prison. *Id*. Respondent provided service of the motion to Petitioner at his correct prison. (Dkt. 12.)

Petitioner again failed to respond to the motion to dismiss. The Court has again checked the IDOC inmate locator website and this time Petitioner's address information is correct on the docket. The Court is satisfied that Petitioner was given proper notice of the motion to dismiss.

When a party fails to respond to a motion, the Court has discretion to dismiss the case if there is clear evidence of want of prosecution. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). Alternatively, the Court may proceed to the merits and grant the motion, but only if the moving party meets its burden of proof demonstrating an entitlement to relief. *Id*. at 633 n.5.

In the instant case, the motion to dismiss raises the statute of limitations affirmative defense with the burden of proof on Respondent. *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012). The Court sees no reason to extend the time period for Petitioner's response because, as explained

below, Respondent's motion to dismiss and supporting state court materials demonstrates the habeas corpus petition is untimely.

Petitioner had one-year to file his habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year period starts on the latest date of the: (A) completion of direct appeal (or expiration of time to bring the direct appeal); (B) removal of an unconstitutional state created impediment that had previously prevented the filing of the petition; (C) recognition of a new constitutional right that has been made retroactive on collateral review by the Supreme Court of the United States; or, (D) date on which the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year period is tolled while a properly filed application for postconviction or other collateral relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

The relevant date for calculating the one-year period in this case is under § 2244(d)(1)(A).[1] Petitioner pled guilty on August 16, 2019. (Dkt. 10-1) He did not bring a direct appeal. (Dkt. 10-2, pg. 3.) His § 2244(d)(1)(A) date is thus the expiration of his time to bring an appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). This period expired with the lapsing of the 30-day deadline to bring a motion to withdraw his guilty plea on September 15, 2019. Ill. S. Ct. R.

---

[1] Sections 2244(d)(1)(B)-(C) are irrelevant to this case. Section 2244(d)(1)(D) does not help Petitioner's cause. The § 2244(d)(1)(D) date occurs when a reasonable person could have discovered the factual predicate of the claim through due diligence. *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). A claim regarding a prisoner's sentence is reasonably discoverable at sentencing because the prisoner could have "asked the sentencing judge or his attorney" about the issue. *Villanueva*, 719 F.3d at 774. During Petitioner's August 16, 2019 guilty plea hearing, Petitioner was admonished that he would be required to serve 85% of his sentence. (Dkt. 10-1, pg. 6.) Petitioner stated he understood that fact, along with several others, when he pled guilty. *Id*. at 7. The requirement to serve at least 85% of his sentence was also stated on Petitioner's August 16, 2019, sentencing judgment. (Dkt. 1, pg. 8.) Petitioner's § 2244(d)(1)(D) date is his August 16, 2019, sentencing date because the claim raised in this case was available to Petitioner as of that date. The Court uses the § 2244(d)(1)(A) date because it occurred after the § 2244(d)(1)(D) date.

604(d); *Hendrix v. Nicholson*, No. 13 C 0493, 2013 WL 1499040, at *2 (N.D. Ill. Apr. 11, 2013). He did not bring a postconviction or other collateral state proceeding to toll the limitations period. (Dkt. 10-2.) Thus, his one-year limitations period under § 2244(d) expired on September 15, 2020.

Petitioner's proof of service states he mailed his habeas corpus petition on November 10, 2020. (Dkt. 1, pg. 4.) Applying the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), this case was filed on November 10, 2020, which is after the one-year limitations period expired on September 15, 2020. This case is untimely.

The Court also sees no grounds for equitable tolling. Petitioner's view is that the Illinois Department of Corrections unlawfully and unilaterally altered his sentence to an 85% sentence when his plea agreement allowed him to serve a day for day sentence. However, the sentencing transcript and sentencing judgment refute that allegation. (Dkt. 1, pg. 8, Dkt. 10-1, pg. 6.) If there was an alleged modification, it occurred at sentencing when the trial court imposed an 85% sentence on Petitioner. Because it was clear as of Petitioner's sentencing that he was subject to the 85% sentence, any argument that Petitioner did not fully understand at that point does not help him because mistakes or ignorance of the law do not qualify for equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). This case is dismissed because the petition is untimely.

### III. Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability. Petitioner cannot make a substantial showing of the denial of a constitutional right; i.e., reasonable jurists would not debate, much less disagree, with this Court's resolution of Petitioner's claims. *Arredondo v. Huibregtse*,

4

542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**IV.  Conclusion**

Respondent's motion to dismiss (Dkt. 10) is granted.  Petitioner's habeas corpus petition (Dkt. 1.) is dismissed on the merits.  Any other pending motions are denied as moot.  The Court declines to issue a certificate of appealability.  The Clerk is instructed to enter a Rule 58 judgment in favor of Respondent and against Petitioner.  Civil Case Terminated.

ENTERED:

Dated: August 6, 2021

_____
ROBERT W. GETTLEMAN
United States District Judge